## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY BRAUNSON SECOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 16-CV-85-JED-PJC |
| v. | ) |
| | ) |
| STATE OF OKLAHOMA, et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Before the Court are the dismissal motions (Doc. 9, 10) filed by the defendants, State of Oklahoma and City of Sand Springs Municipality. The plaintiff was ordered to file any response in opposition to the dismissal motions by September 15, 2016. (Doc. 12). In response, he filed a "Motion to Strike" each of the dismissal motions (*see* Doc. 14, 15), which are also pending.

**I.     Plaintiff's Motions to Strike (Doc. 14, 15)**

The plaintiff's motions to strike reference various federal and state statutes, the Declaration of Independence, and the Constitution, but they contain no discernible legal basis for striking the defendants' dismissal motions. In support of his argument for striking the dismissal motions, the plaintiff argues that he has "learned" that

> the defendant parties, through their tactic to maintain corrupt and deceptive control over the American people, have violated the responsibility of the public appointed office and exceeded their limited delegated authority of public trust with their intentionally filing a motion to dismiss any claim despite their knowing their actions against [him] have come in direct rebellion and insurrection to the United States Declaration of Independence, United States Constitution and the United States Bill of Rights.

(Doc. 14, 15 at 1). Plaintiff alleges that the defendants' behavior is "criminal" and based upon "fictional law" and that they have committed treason and fraud in their dealings with plaintiff

and the "Sovereign people of the United States." (*Id.* at 4).  He alleges that they thereby have "invoke[d] the self-executing Sections 3 & 4 of the 14th Amendment; thereby vacating their offices and forfeit[ing] all benefits thereof, including salaries and pensions." (*Id.*).

Plaintiff further contends that, pursuant to 5 U.S.C. § 3331, each of the defendants "are required to have an oath of office on file for public scrutiny." (*Id.*).[1]  The plaintiff's motions identify the Preamble to the United States Constitution and a Black's Law definition of "frivolous," and a definition of "racketeering" to include acts or threats of murder, kidnapping, gambling, arson, robbery, bribery, and extortion.  Plaintiff also refers to several criminal statutes which the defendants – a State and a municipality – have purportedly committed, and a misdemeanor Code of Federal Regulations provision relating to Courts of Indian Offenses. (*Id.* at 5-8).  The motions to strike also contain plaintiff's apparent recitations of the Pledge of Allegiance. (*Id.* at 6).

As further "evidence" supporting his motions, plaintiff also accuses the defendants of the following crimes:

- Being pirates on the high seas and committing robbery ashore, in violation of 18 U.S.C. §§ 1651, 1652, and 1661 (*Id.* at 8-9);

- "Crimes Against Humanity" under the Rome Statute of the International Criminal Court, which the United States voted against and is thus not a party thereto (*Id.* at 9); and

- Violation of *Okla. Stat.* tit. 51, § 36.6, which prohibits a public official from advocating or justifying the Communist Party or any other

---

[1] The statute does *not* require that any such oath be available to the public for any "scrutiny." *See* 5 U.S.C. § 3331. Even if it did, plaintiff has not identified any basis for bringing a private right of action under such a statute.

2

>organization or party advocating revolution, sedition, treason, sabotage, or overthrow of the United States or State of Oklahoma.

Plaintiff further cites Michigan and Oklahoma laws regarding self-defense, under *Mich. Comp. Laws* 780.951 and *Okla. Stat.* tit. 21, § 1289.25.  (*Id.* at 9-10).

The plaintiff's largely incoherent arguments provide no legal justification for striking the defendants' dismissal motions. Pursuant to Fed. R. Civ. P. 12(f), the Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Such motions are generally disfavored. *See, e.g., Estate of Anderson v. Denny's Inc.*, 291 F.R.D. 622, 631 (D.N.M. 2013); 5C Wright & Miller, *Federal Practice and Procedure: Civil* § 1382, n.8 (3d ed.) (collecting cases). Moreover, by its own terms, Rule 12(f) applies only to "pleadings," which are limited to complaints, answers, and replies. *See* Fed. R. Civ. P. 7(a). Motions are not pleadings, and courts are accordingly reluctant to strike motions, as Rule 12(f) does not apply. *See, e.g., Ysais v. New Mexico Standard Comm'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009); *Searcy v. Soc. Sec. Admin.*, 1992 WL 43490 (10th Cir. 1992) (unpublished) (affirming for "substantially the same reasons" as the district court, which included that the Federal Rules of Civil Procedure do not authorize "motions to strike motions and memoranda.").[2]

For the foregoing reasons, the plaintiff's motions to strike (Doc. 14, 15) are **denied**. However, because the motions to strike were filed in response to the dismissal motions and contain plaintiff's arguments in opposition to the dismissal motions, the arguments presented in those documents (Doc. 14, 15) will be considered in addressing the dismissal motions.

---

[2] There is one exception to this principle, where a party makes a filing that is not permitted by local rule or federal rule, such as the filing of a surreply without leave of court, in which case a court may strike such a filing. *See, e.g., Ysais*, 616 F. Supp. 2d at 1184. That exception does not apply to a motion to dismiss, which is expressly authorized by Fed. R. Civ. P. 12.

## II.     Dismissal Motions (Doc. 9, 10)

### A.     The State of Oklahoma's Sovereign Immunity

The State of Oklahoma moves for dismissal under Fed. R. Civ. P. 12(b)(1), alleging lack of subject matter jurisdiction based on sovereign immunity under the Eleventh Amendment to the United States Constitution.  The Eleventh Amendment bars suits in federal court by private individuals against a state, absent the state's consent to such a suit.  U.S. Const. amend. XI; *see Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Jones v. Courtney*, 466 F. App'x 696, 698 (10th Cir. 2012) (unpublished).  Thus, the State of Oklahoma is immune from suit under the Eleventh Amendment.  Accordingly, any claim against the State of Oklahoma is barred and must be dismissed with prejudice, because the State has not waived its Eleventh Amendment immunity.  *See generally Okla. Stat*. tit. 51, § 152.1(B) ("[I]t is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution").  The State of Oklahoma's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is **granted**.

### B.     Failure to State a Plausible Claim Cognizable under the Law

As one might glean from the foregoing discussion of plaintiff's arguments in his motions to strike, the plaintiff identifies himself as a "Sovereign citizen." (*See* Doc. 14, 15; *see also* Doc. 4, 19, 21).  He thus takes the position that he is not subject to various general laws, such as the requirement to properly display an up to date vehicle tag and to have a driver's license and automobile insurance while driving through Oklahoma. (*See* Doc. 1 at 2, 8).  In his Complaint, plaintiff alleges that he was traveling to Oklahoma to visit a friend on September 21, 2015. (*Id.* at 1-2).  When he was stopped by City of Sand Springs Police Officer Michael McGinnis for an apparent traffic violation, plaintiff "immediately gave [McGinnis] a Document showing [he] claim[s] [his] Basic Rights of Free Travel." (*Id.* at 1-2).  The plaintiff has attached to his

Complaint a copy of the document he contends provides him the right to drive from state to state without the necessity of any government issued driver's license. (*See id.* at 3-4). The document is titled "Common Law Vehicular Judicial Notice Constitutional Drivers License," and appears to have been printed from the internet and completed and signed by the plaintiff. (*Id.*). According to plaintiff, Officer McGinnis responded "[t]his is not true," referring to the plaintiff's self-declared documentary "right" to travel. (*Id.* at 2).

Plaintiff refused to produce any other identification, saying that he had provided his "information" by handing over the document. (*Id.* at 5). Officer McGinnis then "appear[ed] frustrated" and asked plaintiff to "[p]lease step out of the vehicle." (*Id.* at 5-6). Plaintiff refused, indicated that he did not "feel comfortable getting out of [his] vehicle" and stated, "we can talk fine from my vehicle." (*Id.* at 6). McGinnis then directed plaintiff to exit his vehicle and informed plaintiff that he was under arrest. (*Id.*).

Upon plaintiff's continuing refusal to exit the vehicle, Officer McGinnis began to reach into plaintiff's vehicle, and the plaintiff then "attempted to seal the window" of his vehicle to protect himself, his service dog, and his vehicle. (*Id.*). However, he subsequently stepped out of his vehicle, was placed on the ground, with a taser placed against his back between his shoulders, and he was arrested, with Officers A. Knapp and G. Everett assisting Officer McGinnis. (*Id.*; *see also id.* at 2). As he was placed under arrest, Officers Knapp and Everett "ransacked [his] vehicle and property." (*Id.* at 2). Plaintiff alleges that the apparent impoundment of his vehicle with a $20 per day storage fee (*see* Doc. 4 at 2) was wrongful and that he was forced into poverty and homelessness. (Doc. 1 at 2). In describing how the defendants' actions have violated his rights, plaintiff states as follows:

> I, Gary B. Secor, declare my Right to Life, Liberty, and Pursuit of Happiness, as guaranteed pursuant to the United States Declaration of Independence [and such

5

>    right] is of the VALUE I CHOOSE!!!  [I] have the UNALIENABLE RIGHT to choose my own PERSONAL VALUE [and] hereby make known my Personal Declared VALUE given to me in my service to and by JESUS CHRIST based on my Birth Celebration of the 08th Month & 08th Day is $8 TRILLION DOLLARS.  [I] have the ability to declare my personal VALUE given to me in and by JESUS CHRIST, my declared VALUE OF $8 TRILLION DOLLARS is and equates at $219,028,062.97 per day, thus $9,126,169.29 per hour.

(Doc. 4 at 3) (emphasis in original).

The plaintiff's claims are purportedly premised upon the defendants' alleged violation of criminal statutes and the Declaration of Independence.  Those allegations do not come close to stating any plausible and cognizable legal claim against the defendants and are subject to dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The standard requires "enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level."  *Id.* at 555-56, 570 (citations omitted).  While pro se pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief.  *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).  And the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. N.M.*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

Assuming that the plaintiff has attempted to state a claim under 42 U.S.C. § 1983 – which he cites nowhere in his Complaint – such a claim must be based upon a deprivation of *rights* secured by the United States Constitution or federal law. Plaintiff has not identified any facts supporting his vague and conclusory assertions that the defendants have violated criminal laws. By way of example, his citation to laws criminalizing piracy on the high seas, crimes against humanity, or regulations operable in Indian courts are completely unhinged from any allegation of fact. Even if he could allege facts that relate to any of the criminal laws plaintiff has cited, he has not provided and cannot identify any authority establishing that Congress intended to confer a private federal *right* under any of the criminal statutes cited by plaintiff. *See generally Gonzaga University v. Doe*, 536 U.S. 273, 283-91 (2002).

To the extent that the plaintiff premises any § 1983 claim upon the Declaration of Independence, such a claim is not recognized in the law. "The Declaration of Independence is a state of ideals, not law." *Swepi, LP v. Mora County, New Mexico*, 81 F. Supp. 3d 1075, 1172 (2015) (quoting *Schifanelli v. United States Gov't*, 865 F.2d 1259 at *1 (4th Cir. Dec. 22, 1988) (per curiam) (unpublished)). "[U]nder the constitution [the court] is bound by events subsequent to the declaration of independence." *Id.* (quoting *Rhode Island v. Massachusetts*, 37 U.S. 657, 680 (1838)). Such "claims" under the Declaration of Independence are subject to dismissal with prejudice. *Coffey v. United States*, 939 F. Supp. 185, 190–91 (E.D.N.Y. 1996) (The Declaration of Independence does not grant rights that may be pursued through the judicial system); *Endl v. New Jersey*, 5 F. Supp. 3d 689, (D.N.J. 2014); *Hai T. Le v. Hilton Hotel*, No. C09-4871 PJH, 2010 WL 144809, at *13 n.6 (N.D. Cal. Jan. 11, 2010); *Morgan v. County of Hawaii*, No. 14-00551SOM-BMK, 2016 WL 1254222, at *24 (D. Haw. Mar. 29, 2016) (Dismissing claim

alleging denial of life, liberty and pursuit of happiness because "[t]he Declaration of Independence is an important historical document, but it is not the law.").

While plaintiff generally references the United States Constitution, he has not alleged any facts that provide a plausible basis for relief under any particular provision of the Constitution. He cites §§ 3 and 4 of the Fourteenth Amendment, but those provisions have no application to the facts alleged. Section 3 relates to officials who engage in "insurrection or rebellion against the [United States], or giv[ing] aid or comfort to the enemies thereof." U.S. Const. amend. XIV, § 3. Section 4 provides: "The validity of the public debt of the United States, authorized by law, including debts incurred for payment of pensions and bounties for services in suppressing insurrection or rebellion, shall not be questioned. But neither the United States nor any State shall assume or pay any debt or obligation incurred in aid of insurrection or rebellion against the United States, or any claim for the loss or emancipation of any slave; but all such debts, obligations and claims shall be held illegal and void." *Id.*, § 4. These provisions have no bearing on any factual allegations contained in the Complaint or any of plaintiff's other filings, and they do not provide any private right of action to plaintiff in any event.

To the extent that the plaintiff may be attempting to allege claims for false arrest or imprisonment, the extensive factual averments contained in his Complaint and his "personal statement" attached thereto (Doc. 1) do not state any such claims. His allegations, even taken as true at the pleading stage and construed liberally given his pro se status, show that he refused to provide proper driver's identification during a traffic stop, he was driving without a current or properly displayed car tag, and when he was advised that he was being placed under arrest, he resisted and refused to exit the vehicle. (*See* Doc. 1, 4). These facts belie any cognizable claim for false arrest or imprisonment.

8

It is clear from the allegations of plaintiff's Complaint and supplement (Doc. 1, 4) that he cannot state any plausible claim for relief that is cognizable under federal law. He cannot confer rights upon himself simply because he may falsely *believe* that: he does not have to comply with generally applicable driver's license and tag laws; he may declare others in violation of the law without any factual or legal foundation; and he may declare himself entitled to $8 trillion in damages without any basis in fact or the law. Such "claims" must be supported by facts that plausibly state a cognizable legal claim. It would be futile to permit amendment under the circumstances presented. The defendants' dismissal motions (Doc. 9, 10) are **granted**. The plaintiff's claims are dismissed with prejudice. A judgment of dismissal will be entered forthwith.

SO ORDERED this 21st day of October, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE